UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

ALONZO DWAYNE COLEMAN,           )
                                 )
        Plaintiff,               )
                                 )
v.                               )           No. 1:13CV61 SNLJ
                                 )
MICHAEL HAKALA, et al.,          )
                                 )
        Defendants.              )

**MEMORANDUM AND ORDER**

This matter is before the Court for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to review the complaint and dismiss it if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune to such relief.

After reviewing the complaint, the Court has determined that the complaint should not be dismissed at this time.  Indeed, plaintiff alleges that defendants, who are all current or former Corizon, Inc. employees or Missouri Department of Corrections Employees, were deliberately indifferent to his serious medical condition relating to his polycystic liver disease.

However, plaintiff brings his claims against defendants in both their individual and official capacities.  His claims against defendants in their official capacities will be dismissed, without prejudice.  Naming an official in his or her official capacity is

the equivalent of naming the entity that employs the official. Will v. Michigan Dep't of State Police. 491 U.S. 58, 71 (1989)[1]. To state a claim against Corizon, Inc., plaintiff must allege that a policy or custom of Corizon was responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. As a result, plaintiff's claims against defendants in their official capacities will be dismissed.

The Court will order defendants to reply to plaintiff's claims against them in their individual capacities. 42 U.S.C. § 1997e(g)(2).

Accordingly,

**IT IS HEREBY ORDERED** that, as plaintiff has paid the filing fee in this action, he is responsible for serving the complaint on defendants.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims against them in their individual capacities

---

[1] "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71. As a result, plaintiff's claims against the MDOC employees in their official capacities fail to state a claim upon which relief can be granted.

within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants in their official capacities will be **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #12] is **DENIED AS MOOT**, as plaintiff has already paid the filing fee in this matter.

**IT IS FURTHER ORDERED** that within ten (10) days of the date their Answer or other responsive pleading is due to the Court pursuant to Fed.R.Civ.P. 4(m), defendants shall reply to plaintiff's motion for preliminary injunction.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of July, 2013.

*/s/ Stephen N. Limbaugh, Jr.*
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE