# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO DWAYNE COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13CV61 SNLJ |
| | ) | |
| MICHAEL HAKALA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on numerous motions filed by plaintiff relating to service of process on defendants.

Plaintiff, an inmate at Southeast Correctional Center ("SECC") brings this action pursuant to 42 U.S.C. § 1983 against current and former Corizon, Inc. and Missouri Department of Corrections employees alleging that they were deliberately indifferent to his serious medical condition relating to his polycystic liver disease.

Because plaintiff paid the filing fee in this action, he was responsible for effectuating service of process pursuant to Federal Rule of Civil Procedure 4 on defendants. However, due to multiple issues, plaintiff has been unable to effectuate service on defendants. The Court has reviewed the record in its entirety, as well as plaintiff's current pending motions, and because of the

seriousness of the allegations in plaintiff's complaint, the Court believes it should vacate, in part, its prior order denying, as moot, in forma pauperis status to plaintiff. [Doc. #15].

The Court has reviewed plaintiff's financial records and will grant plaintiff's motion to proceed in forma pauperis, with respect to his request to have the Office of the United States Marshals effectuate service on his behalf, pursuant to 28 U.S.C. § 1915. The Court will order the Clerk to effectuate service on the Corizon and MDOC employees on plaintiff's behalf. The Clerk shall serve defendant Elizabeth Conley through the waiver agreement the Court maintains with the Missouri Department of Corrections. The Corizon employees, defendants Michael Hakala, Stephanie Novak, Ruth Taylor and P. Stanley, should be served by personal summons at their places of employment, Southeastern Correctional Center ("SECC").

Plaintiff will be granted an enlargement of time under Federal Rule of Procedure 4(m), to the extent it is necessary for the Office of the United States Marshals to effectuate service on his behalf.

However, the Court will not appoint plaintiff counsel at this time. As support for his motion for appointment of counsel, plaintiff states that his access to legal materials has been limited because he is being kept in segregation. However,

plaintiff has represented himself ably before this Court, citing the Federal Rules appropriately and making cogent legal arguments. Thus, the Court cannot say that his alleged limited access to legal materials has in some way harmed his opportunities before this Court.

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

As proper service has not yet been effectuated and discovery has not yet been commenced, motion practice and legal research is extremely limited at this time. Thus, the Court cannot say that the appointment of counsel is yet warranted

in this case.[1] Moreover, the Court does not believe that the facts in this action are so complex that plaintiff cannot present them on his own behalf. As such, plaintiff's request for counsel will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's July 15, 2013 Memorandum and Order denying, as moot, plaintiff's motion to proceed in forma pauperis, is **VACATED IN PART**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**, with respect to his request that the Office of the United States Marshals effectuate service of process on his behalf.

**IT IS FURTHER ORDERED** that plaintiff's motion to effect formal service [Doc. #22] is **GRANTED IN PART**, in accordance with this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's motion to enlarge time to effect service [Doc. #25] is **GRANTED IN PART**, in accordance with this Memorandum and Order.

---

[1] Plaintiff has not indicated when he will be released from segregation, nor has he indicated when he will have additional legal materials available to him. The Court hopes that by the time defendants have been properly served and entered their appearance in this matter, plaintiff will have been released from segregation and have additional access to legal materials.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #23] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction [Doc. #2] is **DENIED WITHOUT PREJUDICE** with leave to refile after defendants have been served and entered their appearance in this matter.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint. The Clerk shall serve defendant Elizabeth Conley through the waiver agreement the Court maintains with the Missouri Department of Corrections. The Corizon employees, defendants Michael Hakala, Stephanie Novak, Ruth Taylor and P. Stanley, should be served by personal summons at their places of employment, Southeastern Correctional Center ("SECC").

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this <u>23rd</u> day of October, 2013.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE