UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO DWAYNE COLEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:13CV0061 SNLJ |
| | ) | |
| MICHAEL C. HAKALA et al., | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on plaintiff's "Motion for Relief from the Judgment" under Rule 60(b), #203, which is fully briefed. The motion is denied. First, the motion was not timely filed. A Rule 60(b) motion "must be made within a reasonable time -- and [if made under subsections] (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding," Fed. R. Civ. P. 60(c)(1). Here the motion was filed 22 months after entry of the judgment in favor of defendants. Second, plaintiff's motion, purportedly based on newly discovered evidence under subsection (2), alleges that outside providers have recently opined that earlier or alternative treatment could have resulted in a more favorable outcome for plaintiff's chronic liver disease. Plaintiff's allegations, however, rely solely on heresay. Moreover, plaintiff, who was assisted by counsel, could have engaged his own medical expert(s) during the pendency of litigation at the trial level to offer such an opinion. In any event, even taking into consideration the alleged heresay opinions from plaintiff's new treatment advisors, this new evidence still does not establish that the original providers were deliberately indifferent to plaintiff's serious medical needs, which is the requirement for his Sec. 1983 action.

So ordered this 14th day of August, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE